**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Criminal Case No. 08-CR-00264-JLK**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1. BERNARD PENA,**
   **Defendant.**

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS
FOR ORDER OF DETENTION**

_____

      **THIS MATTER** came before the Court on for a Detention Hearing on October 17, 2011 on a Petition on Violation of Supervised Release and Warrant for Arrest of the Supervised Releasee. Present were the following: Todd Norvell, Assistant United States Attorney, Steven Wells, counsel for the Defendant, and the Defendant. Also present was Erika Hitti, Probation/Pretrial Services Officer. The Court heard testimony, took judicial notice of the file, including the current Petition on Violation of Supervised Release, the Presentence Investeigation Report, the original Judgment on December 1, 2008 and the Judgment on the Revocation of Supervised Release on April 14, 2011.

      The Petition alleges that the Defendant Failed to Follow Instructions of the Probation Officer by having contact with the victim in this case on three separate occasions (September 29, 2011, October 1, 2011 and October 5, 2011).

      The Court found that probable cause existed to believe that the Defendant the conditions of his release.

      Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [defendant]."

      In making my findings of fact, I have taken judicial notice of the information set forth in the Petition on Violation of Supervised Release and entire court file. I have also considered the

testimony presented during the Detention Hearing that the Defendant had contact with the victim shortly after being released from custody and the fact that Defendant has had a prior probation revocation in this case. Information in the Presentence Investigation Report shows the Defendant has had probation revocations in Southern Ute Tribal Court, revocation of Deferred Sentence in Southern Ute Tribal Court, and currently a pending probation revocation in Southern Ute Tribal Court. The Defendant has not met his burden regarding detention.

As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community.

**IT IS HEREBY ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

**IT IS FURTHER ORDERED** that the Defendant be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DATED and ENTERED** this 17th day of October, 2011.

BY THE COURT:

s/David L. West
**United States Magistrate Judge**